IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FOR SMITH DIVISION

JEPHTE AGUILAR                .                                              PLAINTIFF


V.                                    Civil No. 3:14-cv-02197-MEF


CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                               DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Jephte Aguilar, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his application for DIB on October 4, 2011, alleging an amended onset date of July 3, 2011,[1] due to a brain tumor; constant headaches and migraines; hemorrhage; neck, wrist, and low back pains/sprains; calf and heel problems (plantar fasciitis); low testosterone; and, mood swings. (Tr. 135-141, 162, 178-179, 203) The Commissioner denied his application initially and on reconsideration. (Tr. 193-196) The Administrative Law Judge ("ALJ") held an administrative hearing on September 5, 2012. (Tr. 56-83) Plaintiff was present and represented by counsel.

---

[1] Plaintiff originally alleged on onset date of September 7, 2009. (Tr. 135-141) However, he later amended his onset date to July 3, 2011. (Tr. 60)

At the time of the administrative hearing, Plaintiff was 30 years old and possessed a Bachelor of Science Degree in botany. (Tr. 59, 247-250) The Plaintiff had past relevant work ("PRW") experience as a metal press machine operator. (Tr. 15, 62, 163-164, 170-171) Records indicate he stopped working in September 2009, when he moved out of state to care for his sick wife and newborn baby. (Tr. 162)

On April 26, 2013, the ALJ concluded Plaintiff's disorder of the back was severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 12-13) After partially discrediting the Plaintiff's subjective complaints, the ALJ determined the Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work. (Tr. 13) Utilizing Medical-Vocational Guideline 204.00, the ALJ found the Plaintiff could perform work that exists in significant numbers in the national economy. (Tr. 16)

On July 17, 2014, the Appeals Council denied the Plaintiff's request for review. (Tr. 1-3) Subsequently, Plaintiff filed this action. (ECF No. 1) This matter is before the undersigned by consent of the parties. (ECF No. 5) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12)

**II.    Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial

evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42

(8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's step two determination. At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. *Baker v. Colvin*, July 22, 2015 (8th Cir. 2015); *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

The ALJ concluded that the Plaintiff's only severe impairment was a disorder of the back. However, in reviewing the record, it is apparent that the Plaintiff also suffered from plantar fasciitis. Records dating back to August 10, 2011, document his complaints of heel pain. (Tr. 259-273, 533-537) He complained of bilateral foot pain shooting up into his calf. Dr. Sean Baker noted the pain was of such severity that it limited him to standing no more than one hour at a time. When Naproxen failed to alleviate his pain, Dr. Baker prescribed physical therapy for a diagnosis of pain with compression of the mid-feet and tenderness at the insertion of the Achilles tendon. (Tr. 274-289, 313-314, 538-539)

On September 6, 2011, physical therapist David Fitting documented a slight limp on the right lower extremity. An examination revealed increased bilateral heel cord pain, right greater than the left. Therapist Fitting indicated that the pain functionally limited his ability to walk and

stand. He prescribed daily heel cord stretching exercises. It appears the Plaintiff performed these exercises as prescribed, but his pain persisted. On November 15, 2011, Dr. Baker noted continued leg, ankle, and heel pain limiting the Plaintiff's activities. (Tr. 302-310, 546-547) He referred the Plaintiff to podiatrist, Dr. Mark Dotson. An initial exam by Dr. Dotson on February 7, 2012, resulted in a diagnosis of plantar fasciitis. (Tr. 523) He prescribed and fitted the Plaintiff for orthotic inserts. (Tr. 523, 524) Dr. Dotson also prescribed a Medrol-Dosepak to help the Plaintiff get through the three-week break-in period for the inserts. Unfortunately, the inserts were effective for only two weeks. (Tr. 526) Baffled by this, Dr. Dotson voiced his concern regarding the Plaintiff's slow response to conservative treatment. He advised the Plaintiff to continue taking anti-inflammatory medications and using the orthotic inserts daily and placed him in night splints.

On August 21, 2012, Dr. Dotson completed a medical source statement indicating he had treated the Plaintiff for plantar fasciitis since February 2012. (Tr. 446-47, 607-608) He concluded the Plaintiff could stand and walk for a total of one to two hours per eight-hour workday. Despite the fact that this was the only RFC assessment completed by a treating and/or examining physician, the ALJ discounted it. *See Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014) (holding treating physician's opinion is entitled to controlling weight when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record). Instead, he sided with the RFC assessment completed by a non-examining consultant. (Tr. 428-435, 444) *See Wildman v. Astrue,* 596 F.3d 959, 967 (8th Cir. 2010) (quotation omitted) (holding evaluation of agency psychologist who did not examine plaintiff entitled to less weight than that of an examining source). However, because the Plaintiff's diagnosis of plantar fasciitis would more than minimally affect his ability to perform the standing and/or walking requirements of light work, we do not find substantial evidence to support the

ALJ's conclusion that plantar fasciitis was a non-severe impairment. Accordingly, the matter must be remanded for further consideration of the Plaintiff's severe impairments.

We also note that the administrative hearing in this case was held on September 5, 2012, although the ALJ did not render a final opinion until August 26, 2013. In preparation for the hearing, the Plaintiff submitted medical evidence dated through August 2012. The only additional medical evidence consists of a consultative mental evaluation ordered by the ALJ in October 2012 and a December 2012 letter from the Plaintiff's treating endocrinologist, Dr. Paul Howell, submitted at the ALJ's request. The ALJ contends there were no records from Dr. Dotson after August 2012, indicating that the Plaintiff's plantar fasciitis was not severe. However, we disagree. Given the fact that approximately 11 months passed between the administrative hearing and the ALJ's decision, we find the ALJ should have requested additional medical records from Dr. Dotson prior to drawing this conclusion. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (holding ALJ has duty to request additional medical evidence when a critical issues is undeveloped and the records presented to him do not provide sufficient medical evidence to determine whether the claimant is disabled). Because he failed to do so, on remand, the ALJ is directed to re-contact Dr. Dotson to obtain any additional records documenting the Plaintiff's treatment for plantar fasciitis. An RFC assessment from the Plaintiff's primary care physician, Dr. Sean Baker, should also be obtained to ensure the record is developed fully with regard to the Plaintiff's work-related limitations.

**IV.    Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to

sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of February, 2016.

/s/Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

7